**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ MAY 26 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

U.S. BANCORP EQUIPMENT FINANCE, INC.,

        Plaintiff,

- against -

KERN INDUSTRIES, INC. and JOHN KERN,

        Defendants.

-----------------------------------------------------------------x

Case No. CV-06-0278
Judge John Gleeson

PROPOSED AMENDED
ORDER OF SEIZURE

U.S. Bancorp Equipment Finance, Inc.'s ("US Bancorp") Motion For Order Of Seizure (the "Motion") came on for hearing on April 7, 2006. Due and proper notice of the Motion was given. No Opposition to the Motion having been filed. The Court having considered the Motion, argument of counsel, and for good cause shown, rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The Motion is granted in its entirety;

2.    The United States Marshals Service is authorized to take all necessary steps, using whatever force necessary, including breaking open, entering and searching for that certain equipment set forth in Exhibit "1" attached hereto and incorporated herein by reference (the "Equipment") located at 70A Carolyn Boulevard, Farmingdale, New York 11735 (the "Farmingdale Location") and to secure and under the supervision of the United States Marshals Service have the Equipment properly removed from the Farmingdale Location. U.S. Bancorp is

responsible for the transport and appropriate/designated storage facility to place the Equipment. If the Equipment is not found by the United States Marshals Service at the Farmingdale Location, then, upon the United States Marshals Service being furnished with a further affidavit on behalf of US Bancorp showing a likely specific location of the Equipment, which affidavit shall be filed with the Court prior to such seizure, the United States Marshals Service shall proceed in the same manner as set forth in the first sentence of this paragraph with respect to such new location of the Equipment; and it is further;

**ORDERED**, the United States Marshals Service shall retain the Equipment for ten days after seizure pursuant to CPLR § 7102(f) and at the expiration of that time, the United States Marshals Service shall deliver the Equipment to US Bancorp; and it is further;

**ORDERED**, that Kern Industries, Inc., John Kern, and their respective agents, servants and employees be and hereby are stayed from removing the Equipment and from concealing the same, transporting the same, selling, hypothecating or in any way transferring or disposing of same; and it is further;

**ORDERED**, that US Bancorp shall post an undertaking in the sum of $110,000[1].

Dated: _May 24_, 2006

                      s/John Gleeson
                      UNITED STATES DISTRICT JUDGE

---

[1] The undertaking has been posted.