UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUN 22 2006 ★

BROOKLYN OFFICE

---------------------------------------------------------------x

U.S. BANCORP EQUIPMENT FINANCE, INC.,

Plaintiff,

- against -

KERN INDUSTRIES, INC. and JOHN KERN,

Defendants.

---------------------------------------------------------------x

Case No. CV-06-0278
Judge John Gleeson

PROPOSED SECOND AMENDED
ORDER OF SEIZURE

U.S. Bancorp Equipment Finance, Inc.'s ("US Bancorp") Motion For Order Of Seizure (the "Motion") came on for hearing on April 7, 2006. Due and proper notice of the Motion was given. No Opposition to the Motion having been filed. The Court having considered the Motion, argument of counsel, and for good cause shown, rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Motion is granted in its entirety;

2.      The United States Marshals Service is authorized to take all necessary steps, using whatever force necessary, including breaking open, entering and searching for that certain equipment set forth in Exhibit "1" attached hereto and incorporated herein by reference (the "Equipment") located at 70A Carolyn Boulevard, Farmingdale, New York 11735 (the "Farmingdale Location") to secure and under the supervision of the United States Marshals

Service have the Equipment properly removed from the Farmingdale Location. U.S. Bancorp is responsible for the transport and appropriate/designated storage facility to place the Equipment. If the Equipment is not found by the United States Marshals Service at the Farmingdale Location, then, upon the United States Marshals Service being furnished with a further affidavit on behalf of U.S. Bancorp showing a likely specific location of the Equipment, which affidavit shall be filed with the Court prior to such seizure, the United States Marshals Service shall proceed in the same manner as set forth in the first sentence of this paragraph with respect to such new location of the Equipment.

3. U.S. Bancorp on whose behalf the Court issues this Order, will act as substitute custodian of any and all items seized pursuant to the Order and shall hold harmless the United States Marshals Service and its employees from any and all claims, asserted in any Court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant property, including any third-party claims.

4. Anyone interfering with the execution of this Order is subject to arrest by the United States Marshals Service.

5. U.S. Bancorp on whose behalf the Court issues this Order will account completely for all property seized and/or found at this premises and shall compile a written inventory of all such

J424855A01060906

property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court.

6. The United States Marshals Service shall retain the Equipment for ten days after seizure pursuant to CPLR § 7102(f) and at the expiration of that time, the United States Marshals Service shall deliver the Equipment to US Bancorp; and it is further;

7. Kern Industries, Inc., John Kern, and their respective agents, servants and employees be and hereby are stayed from removing the Equipment and from concealing the same, transporting the same, selling, hypothecating or in any way transferring or disposing of same; and it is further;

8. US Bancorp shall post an undertaking in the sum of $110,000[1].

Dated: _6 - 14_____, 2006

s/John Gleeson
UNITED STATES DISTRICT JUDGE

---

[1] The undertaking has been posted.

1424855A01060906

EXHIBIT

One (1) Agfa X45 Semi-Automatic Platesetting System; One (1) Compass Implementation Program; One (1) Agfa Apogee Print Drive Software; One (1) Pittman/Proactive Platform for Print Drive

TOGETHER WITH ALL REPLACEMENTS, PARTS, REPAIRS, ADDITIONS, ACCESSIONS AND ACCESSORIES INCORPORATED THEREIN OR AFFIXED OR ATTACHED THERETO AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE RECOVERIES.